Rollins, J.
The Report in this case is in part as follows: “This is an action of tort for negligence, . . . The Trial justice entered a finding for the defendant. At the inception of the trial counsel for the plaintiff made an objection to the special justice assigned to hear the case, against the appearance of the brother of another Special Justice of the *62 same Court appearing in the case as counsel for the defendant. It appears that the brother and the other Special Justice of the Court are law partners. Despite this protest the Special Justice hearing the case ordered the trial to proceed and the partner and brother of the other Special Justice conducted the defense. The plaintiff claiming to be aggrieved by the action of the trial justice in allowing the case to go to trial despite his protest, the correctness of said action of the trial justice is hereby reported to the Appellate Division for its determination. ’ ’
The docket entries show that the defendant’s attorney was “P. Barnet.”
It will be noted that no requests for rulings of law were filed at the trial. Ordinarily the only duty of the Appellate Division is to pass upon the soundness of the rulings of law made by the trial judge. The Appellate Division, however, has the inherent right, even in the absence of requests for rulings, to correct substantial and prejudicial error apparent upon the record, particularly to prevent the miscarriage of justice. Bond v. Bond, 7 Allen 1, 6; Slater, et al. v. Rawson, 1 Met. 450, 458; Kaplan v. Bell, et al., Mass. Appellate Div. Reports Vol. 1, 508, 511, 512; King v. Grace, 293 Mass. 244, 247; Collins v. Godfrey, Adm., 1949 Adv. Sheets 895. But no such error appears upon the record.
We know of no statute, rule, requirement or decision that would make it unlawful for “P. Barnet” to act as attorney for the defendant on the sole ground that he was a partner of a Special Justice of this Court and the action.was tried before another Special Justice of the Court.
The Administrative Committee of District. Courts is given general oversight over and. certain powers to regulate practice in, all District Courts, except the Municipal Court-of. the City of Boston, G, L. c. 218-, •.§ 43A-. - . ■ • •. •
*63 This Committee, on January 21, 1943, promulgated Requirement No. XIII, effective «Inly 1,1943, and still in force. It provides in part as follows:
“No . . . Special Justice . . . shall be recognized as the attorney for the plaintiff or defendant in a motor tort case entered in any District Court. If any official of said Courts shall be a member of a firm, his name shall not appear as such attorney and as a member of the firm. This requirement shall not be construed as forbidding the appearance of the other members of the firm in their individual capacities. ’ ’
This requirement does not directly govern the instant case because by its explicit terms its application is limited to “motor tort cases.” But. from it we draw what seems to us the necessary inference and conclusion that the Administrative Committee does not deem it improper in any case, for the partner of a Special Justice to appear individually and with no reference to the partnership, as attorney in a trial before another Justice or Special Justice of the same Court.
There being no prejudicial error the Order must be Report Dismissed.